OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated May 18, 2010, containing two charges of professional misconduct predicated upon the jury verdict rendered on December 3, 2007, in Securities & Exch. Commn. v Drucker (docket No. 06 Civ 1644[CM] [SD NY]); the decision on relief, filed December 20, 2007, in Securities & Exch. Commn. v Drucker (528 F Supp 2d 450 [SD NY 2007]); the final judgment against the respondent, dated December 21, 2007, in Securities & Exch. Commn. v Drucker (docket No. 06 Civ 1644[CM] [SD NY]); and the decision of the United States Court of Appeals for the Second Circuit, dated September 21, 2009, in Drucker v Securities & Exch. Commn. (346 Fed Appx 663 [2d Cir 2009]), which affirmed the judgment entered by the District Court in Securities & Exch. Commn. v Drucker. Following a hearing, the Special Referee sustained both charges. The Grievance Committee now moves *294 to confirm the Special Referee’s report and to impose such discipline as the Court deems appropriate. The respondent, by his attorneys, has submitted an affirmation in opposition to the Grievance Committee’s motion and in support of the respondent’s request to “limit the sanctions imposed, if any, so as to not preclude the [respondent] from continuing with the practice of law.”
Charge one alleges that the respondent engaged in conduct involving dishonesty, deceit, fraud, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), as follows:
In or about 2000 and 2001, the respondent was associate general counsel to NBTY, Inc. (hereinafter NBTY), a nutritional supplement company that was publicly traded on NASDAQ. On or about March 2, 2006, the respondent was named as a defendant in Securities & Exch. Commn. v Drucker, in the United States District Court for the Southern District of New York (docket No. 06 Civ 1644[CM]).
The complaint in the foregoing matter alleged, in sum and substance, that, in or about October 2001, the respondent and his father, Ronald Drucker, engaged in unlawful insider trading by selling their shares of NBTY stock one day before NBTY made public a negative earnings announcement. It was alleged that, in his capacity as associate general counsel to NBTY, the respondent “routinely received sensitive and confidential information about NBTY. [The respondent] owed a duty to keep confidential, and not use for personal gain, any material, nonpublic information concerning NBTY.” At the time of these sales, the respondent was alleged to have been “aware of material, non-public information” concerning NBTY’s fourth-quarter earnings.
At the close of the stock market on October 19, 2001, NBTY publicly announced that its fourth-quarter earnings would be lower than expected. On the next trading day, the value of NBTY’s shares fell approximately 27%. On October 18, 2001, one day prior to NBTY’s public announcement, the respondent placed orders to sell his entire holdings of NBTY stock, consisting of 25,700 shares. At the same time, the respondent contacted his father, Ronald Drucker, and “tipped him.” “Within minutes,” Ronald Drucker sold his entire holdings of NBTY stock. Also at the same time, the respondent “directed the sale” of the entire NBTY holdings of his friend William V Minerva. By trading in advance of the negative earnings announcement, the respon *295 dent, Ronald Drucker, and William V Minerva avoided losses of approximately $200,000.
The March 2, 2006, complaint charged the respondent with violating section 17 (a) of the Securities Act of 1933 (15 USC § 77q [a]), section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and Securities and Exchange Commission (hereinafter SEC) rule 10b-5 (17 CFR 240.10b-5). A jury trial commenced in the United States District Court for the Southern District of New York on November 26, 2007. On December 3, 2007, the jury returned a verdict finding that (1) the respondent violated section 17 (a) of the Securities Act of 1933 (15 USC § 77q [a]), section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and SEC rule 10b-5 (17 CFR 240.10b-5), when he sold 25,700 shares of NBTY stock on October 18, 2001, and October 19, 2001; (2) the respondent violated section 17 (a) of the Securities Act of 1933 (15 USC § 77q [a]), section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and SEC rule 10b-5 (17 CFR 240.10b-5), when he sold 1,575 shares of NBTY stock for William V Minerva on October 18, 2001; and (3) the respondent violated section 17 (a) of the Securities Act of 1933 (15 USC § 77q [a]), section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and SEC rule 10b-5 (17 CFR 240.10b-5), as a “tipper.”
The District Court (McMahon, J.) thereafter issued a decision on relief (528 F Supp 2d 450 [SD NY 2007]). In that decision, the District Court made several rulings as to the respondent’s conduct. With respect to the amount to be disgorged by the respondent, the District Court held that “the jury necessarily found that [the respondent] had obtained inside information about the earnings of NBTY before he began selling his and Minerva’s stock on October 18, and before he telephoned his father and directed [him] to sell NBTY stock, also on October 18” (528 F Supp 2d at 452). With respect to the respondent’s liability, the District Court ruled that the respondent “is solely liable for disgorging his entire ill-gotten gain [and] is jointly and severally liable for the amounts to be disgorged” by Ronald Drucker and William V Minerva (id. at 453). The District Court directed the respondent to disgorge the amount of $197,243 plus prejudgment interest, and imposed civil penalties in an amount equal to twice the disgorgement amount, to wit, $394,486 (see id.).
The ruling on the respondent’s liability for civil penalties was based, inter alia, on the District Court’s finding that the re *296 spondent “is a lawyer who betrayed the trust of his client (who also happened to be his employer) for his own benefit and for the benefit of his father and his best friend” (id. at 452-453). “In addition to betraying the trust of his client/employer, ’’ the District Court found that the respondent “failed to cooperate with the NASD investigation . . . thereby misleading his employer” and that he “committed perjury on the witness stand at the trial of this action” (id. at 453).
The District Court issued a permanent injunction against the respondent’s “further violation of the securities laws,” as well as his being “an officer and director” (id.). The permanent injunction was based, among other things, on the District Court’s finding that the respondent “demonstrated utter indifference to both the law and to his client” (id. at 454).
On or about December 21, 2007, the District Court issued a “Final Judgment Against Defendant Mitchell S. Drucker.” The District Court reviewed the history of the litigation, permanently restrained and enjoined the respondent from violating, directly or indirectly, section 17 (a) of the Securities Act of 1933 (15 USC § 77q [a]), section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) and SEC rule 10b-5 (17 CFR 240.10b-5), prohibited the respondent from acting as an officer or director of any issuer that has a class of securities registered pursuant to section 12 of the Securities Exchange Act of 1934 (15 USC § 781) or that is required to file reports pursuant to section 15 (d) of the Securities Exchange Act of 1934 (15 USC § 78o [d]). The District Court ordered the respondent to disgorge the amount of $201,146.34, which included prejudgment interest, found that the respondent was jointly and severally liable with William V Minerva, and ordered the respondent to disgorge the amount of $11,577.11, which included prejudgment interest. In addition, the District Court found that the respondent was jointly and severally liable with Ronald Drucker, and ordered the respondent to disgorge the amount of $74,411.76, which included prejudgment interest. Finally, the District Court ordered the respondent to pay a civil penalty in the amount of $394,486. The respondent satisfied the final judgment entered against him, as reflected in a “Satisfaction of Judgments” dated February 6, 2008.
The United States Court of Appeals for the Second Circuit, in Drucker v Securities & Exch. Commn. (346 Fed Appx 663 [2d Cir 2009]), affirmed the judgment entered by the District Court in Securities & Exch. Commn. v Drucker. In its decision, dated *297 September 21, 2009, the Second Circuit found that “[although there was conflicting evidence . . . the jury was entitled to credit the testimony supporting the SEC’s position” {id. at 665). As a result, the Second Circuit ruled that the District Court did not err in denying the defendants’ motion for judgment as a matter of law with respect to the sufficiency of the evidence {see id.). Moreover, the Second Circuit ruled that the District Court did not abuse its discretion in its disgorgement order {see id. at 666). Additionally, the Second Circuit ruled that the District Court’s imposition of a civil penalty, which was twice the total disgorgement amount, was “within the statutory limitations and reasonable based on the record” {id.). The Second Circuit also ruled that the District Court did not commit error in directing injunctive relief against the respondent {see id.).
Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness as an attorney, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of charge one. Based upon the evidence adduced and the doctrine of collateral estoppel, we conclude that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted. In determining an appropriate measure of discipline to impose, the respondent requests leniency based upon the alleged ineffective assistance of his trial counsel and the absence of venal intent. These arguments are without merit, as we rejected them when they were advanced in opposition to the petitioner’s request that we apply the doctrine of collateral estoppel in this proceeding and in support of the respondent’s motion to dismiss the petition. We have considered the mitigating evidence in this case, which includes the financial loss suffered by the respondent, both as a result of the disgorgement and civil penalties assessed against him, and the diminution of his earnings due to the negative publicity generated by the SEC matter, the respondent’s untarnished reputation prior to this incident, his unblemished disciplinary record, and the singular nature of his wrongdoing. However, we note the absence of cooperation by the respondent with the SEC, as well as the absence of any admission by the respondent that he engaged in insider trading. As the District Court noted, the respondent “failed to cooperate . . . until ... he could no longer conceal his transgression, thereby misleading his employer” (528 F Supp 2d at 453), and he failed to take responsibility for what he *298 did. We find the absence of remorse to be an aggravating factor, consistent with the District Court’s finding that the respondent was entitled to “no mercy” as a result of the “brazenness” of his conduct and his “cocky refusal to own up to it” {id. at 452-453). Moreover, we note the District Court’s description of the respondent as having “demonstrated utter indifference to both the law and to his client,” and of his conduct as “egregious” {id. at 454, 453).
Under the totality of the circumstances, the respondent is suspended for a period of three years.
Rivera, J.E, Skelos, Dillon, Angiolillo and Balkin, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Mitchell S. Drucker, is suspended from the practice of law for a period of three years, commencing August 16, 2013, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 16, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys {see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mitchell S. Drucker, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Mitchell S. Drucker, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).